IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TROY FREDERICK                                                                           PLAINTIFF

        v.                     Civil No. 09-3022

DEPUTY NATHAN JENKINS,
Boone County Sheriff's Office;
DEPUTY JEREMY WATSON,
Boone County Sheriff's Office;
DEPUTY CONTRERAS,
Boone County Sheriff's Office;
and DEPUTY J. BRISCO,
Boone County Sheriff's Office                              DEFENDANTS

**ORDER**

This civil rights action was filed *in forma pauperis* (IFP). On March 2, 2009, plaintiff, who is unrepresented, filed a motion for appointment of counsel (Doc. 3).

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his motion, plaintiff states his knowledge of the law and litigation if very limited and the issues to be presented are complex. Without the assistance of counsel, plaintiff does not believe he will be able to meaningfully pursue his claims.

After review of the complaint, it does not appear that either the facts or the claims are so complex that plaintiff will be unable to adequately present his claims. Additionally, plaintiff's claims for damages are straightforward.

This case is in the early stages. The court is just now in the process of directing service on the defendants. So far, plaintiff has been able to adequately set forth his claims. The motion for appointment of counsel (Doc. 3) is denied.

IT IS SO ORDERED this 15th day of April 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)